NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| THOMAS DOUGLAS EDWARDS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D15-3653 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Opinion filed December 7, 2016.

Appeal from the Circuit Court for
Hillsborough County; Lisa D. Campbell,
Judge.

Howard L. Dimmig, II, Public Defender,
and Alisa Smith, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


MORRIS, Judge.

In this appeal filed pursuant to Anders v. California, 388 U.S. 924 (1967),

Thomas Douglas Edwards appeals the revocation of his sex offender probation for the

offense of unlawful sexual activity with a minor and the resulting 71.7-month prison

sentence. We affirm both the revocation and the sentence without further comment. However, we must remand for correction of scrivener's errors.

After sentencing, Edwards filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b) on the basis that the revocation order incorrectly stated (1) that Edwards admitted to the violation, (2) that Edwards violated condition five (rather than the charged condition nine), and (3) that Edwards was sentenced to 81.825 months in prison. The trial court granted the motion and instructed the Florida Department of Corrections and the clerk of the circuit court to issue a new revocation order reflecting the trial court's oral pronouncement at sentencing. But while the amended revocation order correctly lists Edwards' 71.7-month prison sentence, it still states—incorrectly—that Edwards admitted to a violation of condition five. Edwards admitted to a technical violation of condition nine, but he contested the substantial nature of the violation. Thus, instead of providing that Edwards admitted to a violation of condition five, the revocation order should reflect that after an evidentiary hearing, Edwards was found guilty of a violation of condition nine. Accordingly, we remand for entry of a corrected written order of revocation. See Reames v. State, 171 So. 3d 770, 770-71 (Fla. 2d DCA 2015) (affirming revocation but remanding for correction of scrivener's errors where corrected orders still incorrectly reflected that appellant admitted to violations one and sixteen where appellant had actually contested the violations and where trial court only found him in violation of condition one); Riley v. State, 838 So. 2d 1208, 1209 (Fla. 2d DCA 2003) (affirming revocation but remanding for correction of revocation order which incorrectly stated that

- 2 -

appellant admitted to violation when he was actually found in violation after an evidentiary hearing).

Affirmed but remanded for correction of the written order of revocation of sex offender probation.

KELLY and BLACK, JJ., Concur.